UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN O. MOORE, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-1361 |
| | ) |
| ANTHONY RAMOS[1], Warden, | ) |
| Stateville Correctional Center, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter is before the Court on Petitioner, Allan O. Moore, Sr.'s ("Moore"), Motion to Proceed In Forma Pauperis and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, his Petition for Writ of Habeas Corpus [#1] must be DISMISSED without prejudice and the Motion to Proceed In Forma Pauperis [#2] is therefore MOOT.

**BACKGROUND**

In 1994, Moore was convicted of three counts of aggravated kidnapping in the Circuit Court of Knox County, Illinois.  In March 2003, Moore filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of Illinois.  The petition was dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).  On August

---

[1] Petitioner has listed the Attorney General of Illinois, the Parole Board of Illinois, the Warden of Stateville Correctional Center, and the Director of IDOC as respondents.  Anthony Ramos is actually the Warden of Stateville Correctional Center, where Petitioner was confined immediately prior to his parole on August 24, 2009, and therefore Ramos is the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

13, 2009, the Seventh Circuit Court of Appeals dismissed Moore's appeal for lack of jurisdiction because the Illinois state courts vacated the criminal judgment that was under attack in that appeal on January 26, 2009.  The Appellate Court of Illinois, Third District, reversed the denial of Moore's motion for reconsideration of sentence and remanded the case so that Moore could get a new sentencing hearing.  *People v. Moore*, No. 3-07-0125 (Ill. App.).  On August 19, 2009, Moore's sentence was reduced from the original concurrent terms of 30, 15, and 15 years, to concurrent terms of 26, 12, and 12 years.

Moore filed the instant § 2254 petition in October 2009.[2]  His Motion for Leave to Proceed In Forma Pauperis was filed on November 12, 2009.  Though it is far from clear, Moore appears to claim three things in his petition: 1) his sentence was excessive and the Defendant Attorney General is responsible for the two years overtime spent inside the Illinois Department of Corrections ("IDOC"), 2) Defendants Parole Board of Illinois, Warden of Stateville Correctional Center, and Director of IDOC violated Moore's 8th Amendment right when home detention was included as a part of his Mandatory Supervised Release ("MSR"), 3) Moore's Due Process rights have been violated because home detention violates his liberty.  He additionally claims that his release from confinement and subsequent home detention are equivalent to double jeopardy.

**DISCUSSION**

A prisoner must exhaust his remedies in state court before a federal court may grant habeas relief to a state prisoner.  28 U.S.C. § 2254(b)(1)(A).  In other words, the state prisoner

---

[2] Though it is unclear from Petitioner Moore's § 2254 petition as to when it was sent to the Court, because it is not dated, the Court presumes he submitted the filed documents to prison officials to mail some time in late October 2009.

must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Moore's instant petition involves claims that stem from his recent release from confinement.  He has clearly failed to first present those claims to the Illinois state courts.  His failure to exhaust his remedies in state court means that this Court may not grant habeas relief to Moore at this time.

## CONCLUSION

For the reasons set forth above, Moore's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] must be DISMISSED without prejudice and his Motion to Proceed In Forma Pauperis [#2] is therefore MOOT.

ENTERED this 30th day of November, 2009.

                                                s/Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge