# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALLAN O. MOORE, SR.,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-1361 |
| **DONALD GAETZ,[1] Warden,** | ) |
| **Menard Correctional Center,** | ) |
| Respondent. | ) |

## ORDER

Now before the Court is Allan O. Moore, Sr.'s ("Moore") Motion to Proceed In Forma Pauperis on Appeal. For the reasons set forth below, Moore's Motion [#15] is DENIED.

## DISCUSSION

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." While this Court found that Moore's appeal is without merit in its January 19, 2010,[2] Order denying his Motion for Certificate of Appealability, the Seventh Circuit has suggested that a finding of bad faith is a higher standard. *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997). However, more recent

---

[1] Petitioner listed Anthony Ramos as the Respondent in his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Gaetz is the warden where Petitioner is currently in custody, and therefore Gaetz is the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] *See* 1/19/2010 Order, Dkt 8. The Court determined that because Moore's petition involved claims that stemmed from his recent release from confinement, he failed to first exhaust his remedies in state court. Thus, the Court could not find that he made a substantial showing of the denial of a constitutional right, where no claims raised before this Court came close to presenting issues debatable among jurists of reason.

case law has backed away from *Newlin*, finding that bad faith is essentially equivalent to a finding of frivolousness. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[T]o sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Id.* Under this formulation of the standard, the Court can certify that this appeal is not being taken in good faith where Moore has not made a substantial showing of the denial of a constitutional right. *See* 1/19/2010 Order, Dkt 8. His Motion to Proceed In Forma Pauperis on Appeal [#15] is therefore DENIED.[3]

ENTERED this 12th day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[3] The Court notes that at the time Moore filed his § 2254 petition, he requested a court order releasing him from home detention and also requested termination of his Mandatory Supervised Release (MSR). It appears that his release was short-lived, as he states in his Motion for Permission to Appeal In Forma Pauperis that he has been imprisoned since February 16, 2010. *See* Dkt 15, p. 5.